A92A1282. HARMON v. THE STATE.

(423 SE2d 302)

CARLEY, Presiding Judge.

Appellant was tried before a jury on an accusation charging him with violating "§ 33-5-10 of the Ordinance[s] of Fulton County in that he did locate an adult entertainment premises within 1000 feet of the boundaries of a residence." He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant enumerates the general grounds. The evidence is undisputed and shows the following: Appellant's application for a liquor license was granted and, in January 1990, he opened a bar and restaurant. Then, as now, § 33-5-11 (5) of the Fulton County ordinances enumerated certain acts which "[n]o licensee shall permit on the licensed premises any person to perform. . . ." The prohibited conduct under § 33-5-11 (5) includes certain sexual acts, the touching or caressing of particular body parts, and partial or total nudity. However, the language of § 33-5-11 (5) tracks that of former OCGA § 3-3-41, which was held unconstitutional in *Harris v. Entertainment Systems*, 259 Ga. 701 (386 SE2d 140) (1989). Acting upon the assumption that § 33-5-11 (5) would be no more constitutional and enforceable than the state statute, appellant began to feature nude dancing at his establishment in August 1990. In September 1990, § 33-5-10 of the Fulton County ordinances, relating to the location of premises for which issuance of a license to serve liquor was being sought, was amended to add a new subsection (b). That amendment provides, in relevant part, that "[n]o adult entertainment premises shall be licensed to sell alcoholic beverages if it shall be located within 1000 feet of the boundaries of any residential . . . zoning district. . . ." It was appellant's alleged violation of this amendment to § 33-5-10 which underlay the instant prosecution.

It is readily apparent that *nothing* in § 33-5-10 (b) purports to

prohibit any *act* whatsoever by appellant in his capacity as the *holder* of an existing liquor license. By its terms, that ordinance relates solely to the county's issuance of a liquor license and provides that no such license shall be issued to adult entertainment premises located within certain geographic areas. Under this ordinance, appellant would not be entitled to a liquor license for his adult entertainment premises if he were seeking one from the county. However, appellant has a liquor license which predates § 33-5-10 (b) and nothing under the terms of that ordinance prohibits him from featuring nude dancing at his bar and restaurant. It is § 33-5-11, not § 33-5-10, which enumerates those acts which no holder of a liquor license shall allow to occur on the licensed premises. Accordingly, if appellant is guilty of any criminal offense, it must be by virtue of his violation of § 33-5-11, since § 33-5-10 (b) merely restricts the county's administrative act of issuing liquor licenses rather than the conduct to be condoned by licensees on licensed premises.

The county cannot forgo an attempted prosecution of appellant under the possibly unconstitutional § 33-5-11 by urging that § 33-5-10 (b) is itself a criminal provision which prohibits appellant, in his capacity as a holder of an existing liquor license, from featuring nude dancing at his bar and restaurant. Ordinances "are to be liberally construed in favor of those accused thereunder. . . ." *Pennington v. City of Sparta*, 15 Ga. App. 287 (2) (82 SE 826) (1914). Under the applicable rules of construction, § 33-5-10 (b) is clearly nothing more than a mere administrative licensing ordinance rather than a criminal provision. " 'Where, as here, the language of [an ordinance] is plain, unambiguous and positive, and is not capable of two constructions, no court has a right to construe it to mean anything other than what it declares, and this rule, of course, precludes the courts from construing it according to what is supposed to be the legislative intent.' [Cit.]" *Atlanta & West Point R. Co. v. Underwood*, 218 Ga. 193, 196 (2) (126 SE2d 785) (1962).

It follows that appellant's conviction must be reversed. His act of featuring nude dancing at his bar and restaurant may have been in violation of § 33-5-11 (5), but he was not tried and convicted for violating that ordinance. He was found guilty of violating § 33-5-10 (b), but that ordinance proscribes no act which appellant was shown to have committed. " 'Just as "Conviction upon a charge not made would be sheer denial of due process," so is it a violation of due process to convict and punish a man without evidence of his guilt.' [Cit.]" *Bullock v. City of Dallas*, 248 Ga. 164, 170 (4) (281 SE2d 613) (1981).

2. Appellant's remaining enumerations of error are moot.

*Judgment reversed. Pope and Johnson, JJ., concur.*

*Richard G. Harwell, Sr., George E. Butler II*, for appellant.
*James L. Webb, Solicitor, R. Lee O'Brien, Jr., Helen A. Roan, Assistant Solicitors*, for appellee.